**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JUREASA JOHNSON,                          *
                                          *
            Plaintiff,                    *
v.                                        *
                                          *
CAROLYN W. COLVIN, Acting                 *          No. 5:13CV00337-JJV
Commissioner, Social Security             *
Administration,                           *
                                          *
            Defendant.                    *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jureasa Johnson, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      BACKGROUND**

On April 26, 2011, Ms. Johnson protectively filed for DIB and SSI benefits due to chronic back pain, nerve problems, poor blood flow, right leg pain, hearing loss, and partial right thumb amputation. (Tr. 150) Ms. Johnson's claims were denied initially and upon reconsideration.  At Ms. Johnson's request, an Administrative Law Judge ("ALJ") held a hearing on May 4, 2012, where Ms. Johnson appeared with her lawyer.  At the hearing, the ALJ heard testimony from Ms. Johnson and a vocational expert ("VE").  (Tr. 34-63)

The ALJ issued a decision on June 20, 2012, finding that Ms. Johnson was not disabled under the Act.  (Tr. 18-27)  The Appeals Council denied Ms. Johnson's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-4)

Ms. Johnson, who was forty-nine years old at the time of the hearing, has a GED and past relevant work as an administrative assistant at a hospital.  (Tr. 37, 60)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Johnson had not engaged in substantial gainful activity since May 31, 2005, and she had the following severe impairments: degenerative disc disease post remote laminectomy, morbid obesity, and major depressive disorder.  (Tr. 20)  However, the ALJ found that Ms. Johnson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (*Id.*)

According to the ALJ, Ms. Johnson has the residual functional capacity ("RFC") to perform light work, except she can only occasionally climb, balance, stoop, bend, crouch, kneel, and crawl. She also is limited to work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with little judgment and few variables; and supervision required is simple, direct, and concrete.  (Tr. 23)  The VE testified that a job available with these limitations was housekeeper.  (Tr. 61)  Accordingly, the ALJ determined that Ms. Johnson could perform a significant number of jobs existing in the national economy, and found that she was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

III.     **ANALYSIS**

A.     **Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

B.     **Ms. Johnson's Argument for Reversal**

Ms. Johnson asserts the Commissioner's decision should be reversed because it failed to properly weigh the September 21, 2012, medical source statement. (Doc. No. 14)

The Appeals Council indicated that it considered "the additional evidence listed on the enclosed Order," which included the medical source statement.  (Tr. 1, 5) Yet, there are several reasons the statement was given little weight and the Council upheld the ALJ's decision:[6]

(1)     This statement was submitted three months after the ALJ issued his decision.

(2)      Based on the records in the file, the statement was made six months after Ms. Johnson last visited Dr. Washington, which appears to have been March 2012.  (Tr. 272)

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (holding that an ALJ may discount or even disregard the opinions of a treating physician, when they are inconsistent or where other medical assessments are better supported).

(3)     The limitations from the medical statement were properly included in the RFC.  Specifically, the ALJ limited Ms. Johnson to work where the "complexity of tasks is learned and performed by rote with little judgment and few variables as well as simple, direct, and concrete supervision."  (Tr. 23)

(4)     The statement contradicts Dr. Washington's own treatment notes.  First, the medical source statement indicates that Ms. Johnson had "marked" limitations in understanding, remembering, and carrying out complex instructions and "extreme" limitations with making judgments on complex work-related decisions.  (Tr. 303)  It also noted that her "ability to focus and concentrate is felt to be poor."  However, Dr. Washington's treatment notes repeatedly indicated that Ms. Johnson's memory, concentration, impulse control, reasoning, insight, and judgment were all grossly intact.  (Tr. 273, 278, 281)  The statement noted that sometimes Ms. Johnson's "hygiene is inadequate" but treatment notes repeatedly indicated that grooming was "adequate/appropriate."  (Tr. 272, 275, 277, 280, 305)   Finally, the medical statement suggested that Ms. Johnson has auditory hallucinations, but the only record of this was in November 2011, and since that time she has explicitly denied any auditory hallucinations.  (Tr. 275, 277, 282, 305)

(5)     It also appears that some of her depression issues, and lower GAF scores, are situational, *e.g.*, she was fighting with her boyfriend, had a pet who just died, and was dealing with withdrawals from prescription medication.  (Tr. 282, 287)

## IV.     CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Ms.  Johnson's Complaint is

dismissed with prejudice.

IT IS SO ORDERED this 17th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE